# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



ALTRIA CLIENT SERVICES LLC
AND U.S. SMOKELESS TOBACCO
COMPANY LLC,

      Plaintiffs and
      Counterclaim Defendants,

     v.

R.J. REYNOLDS VAPOR COMPANY AND
MODORAL BRANDS, INC.,

      Defendants and Counterclaim
      Plaintiffs.

Case: 1:21–mc–00103
Assigned To : Contreras, Rudolph
Assign. Date : 7/28/2021
Description: Misc.

(Civil Action No. 1:20-cv-00472-NCT-JLW in the U.S. District Court for the Middle District of North Carolina)

## REYNOLDS' MOTION TO COMPEL PRODUCTION OF INFORMATION BY JUUL LABS, INC.

Pursuant to Fed. R. Civ. P. 45, Defendants R.J. Reynolds Vapor Company and Modoral

Brands, Inc. ("Reynolds") move this Court to enforce two third-party subpoenas issued to JUUL

Labs, Inc. ("JUUL"), a corporate entity subject to this Court's jurisdiction. The subpoenas were

issued by the Middle District of North Carolina in the case captioned *Altria Client Services LLC,*

*et. al. v. R.J. Reynolds Vapor Company* et. al., Case No. 1:20-cv-00472-NCT-JWL ("the North

Carolina case"). Reynolds also respectfully requests expedited resolution of this dispute or a

transfer of this motion to the Middle District of North Carolina under Fed. R. Civ. P. 49(e)(2)(f),

as exceptional circumstances are present in light of JUUL's significant delay in responding to the

subpoena, the impending close of fact discovery—which is today—and the impact on expert

reports.[1]

---

[1] Fact discovery in the North Carolina case closes today, July 28, 2021, and Reynolds's Opening Report on Invalidity is due August 4, 2021. *Altria Client Services LLC, et. al. v. R.J. Reynolds Vapor Company et. al.*, Case No. 1:20-cv-00472-NCT-JWL, Dkts. 92, 85. JUUL's delay

The North Carolina case is a patent infringement action in which Altria Client Services and U.S. Smokeless Tobacco Company, LLC (collectively, "Altria") allege that Reynolds has infringed and has induced infringement of Altria's patents by making, using, selling, and importing Vuse Vibe and Vuse Alto e-cigarette products. JUUL is a leading manufacturer of e-cigarettes in the United States. As part of its defense, Reynolds contends that JUUL press articles from April 2015 describing a to-be-released product constitute prior art. Altria has argued that the JUUL press articles do not sufficiently describe certain parts of the JUUL device. Thus, Reynolds's subpoenas ask JUUL for documents and deposition testimony about the prior art device described in the articles. (*See* Ex. 1 [Notice of Subpoena and Subpoena to JUUL].) Moreover, Reynolds asserts that an e-cigarette device, called the V2 Pro Series 7, also constitutes prior art. That product was sold by a company called VMR Products, which JUUL later acquired. Reynolds's subpoenas ask JUUL for documents and deposition testimony about the V2 Pro Series 7 device, and to confirm that the product was on sale before April 22, 2015, the applicable date for Reynolds's prior art defense. (*See* Ex. 1 [Notice of Subpoena and Subpoena to JUUL].) This information is uniquely in the hands of JUUL.

Therefore, on March 17, 2021, Reynolds served two third-party subpoenas on JUUL, requesting that JUUL produce documents and permit inspection of certain samples of past and current versions of JUUL's e-cigarette products and provide deposition testimony regarding those documents and samples. (*See* Ex. 1 [Notice of Subpoena and Subpoena to JUUL].)[2] Yet, JUUL

---

in providing responses to the subpoenas will likely result in the need for supplemental reports because JUUL possesses prior art that Reynolds believes invalidates Altria's asserted patents.

[2] Reynolds has since agreed to drop its requests relating to current products in the subpoenas. The information now requested of JUUL pertains only to legacy products no longer on the market.

has consistently refused to produce discovery, repeatedly conditioning its production on various

and changing demands:

- On April 14, 2021, JUUL filed objections to each and every one of Reynolds's subpoena requests.  (Ex. 2 [JUUL's Objections].)

- On April 20, 2021, counsel for JUUL left a voicemail for Reynolds's counsel, and in a subsequent telephone conversation indicated (despite its objections) that JUUL would be producing documents responsive to the production subpoena. (Ex. 3 [Declaration of Michael S. Quinlan].)

- On May 17, 2021, Reynolds's counsel reached out to JUUL's counsel to ask when JUUL would be producing documents. (Ex. 4 [May 17, 2021 Email from M. Quinlan to B. Scheller] ("Just checking in to see if you had an ETA on when you would be producing documents.").)

- On May 18, 2021, JUUL's counsel indicated it would be producing documents in response to the subpoena "this week, likely tomorrow."  (Ex. 5 [May 18, 2021 Email from B. Scheller to M. Quinlan].)  However, JUUL did not produce any documents.

- Another week passed, and Reynolds's counsel again reached out to JUUL's counsel to ask when JUUL would be producing documents. (Ex. 6 [May 25, 2021 Email from M. Quinlan to B. Scheller].)

- JUUL's counsel responded one week later, and indicated for the first time that JUUL would be conditioning its document production on additional protections being added to the Protective Order.  (Ex. 7 [June 1, 2021 Email from B. Scheller to M. Quinlan].)

- Reynolds agreed to JUUL's request for addition protections, and emailed counsel for Altria/USST to ask for their consent to the additional protections.  (Ex. 8 [June 23, 2021 Email from M. Quinlan to Altria].)

- On July 6, 2021—two weeks after Reynolds's counsel requested Altria's consent to the additional protections—Altria agreed. (Ex. 9 [July 6, 2021 Email from S. Ansley to M. Quinlan].)  On that same day, shortly after Altria responded, counsel for JUUL requested even more additional protections as a condition of producing documents, including a prosecution bar—even though Reynolds had agreed to only seek information on legacy products that were no longer sold.  (Ex. 10 [July 6, 2021 Email from B. Scheller to M. Quinlan].)

- After a series of emails and meet and confers over the following month, JUUL's counsel withdrew its request for the prosecution bar, and JUUL, Altria, and Reynolds each signed the addendum to the Protective Order regarding the additional protections JUUL sought. (Ex. 11 [July 23, 2021 Email from B. Scheller to N. Smith].)

- JUUL did not respond to subsequent emails sent July 26 and July 27 asking when the documents would be produced. (Exs. 12, 13 [July 26, 2021 and July 27, 2021 Emails from M. Quinlan to B. Scheller].)

Two months have passed from the time JUUL indicated it would be producing documents "tomorrow." Reynolds has bent over backwards to accommodate JUUL's asserted conditions, only to have new conditions asserted at the last minute. This morning, on the last day of discovery, JUUL produced approximately 750 pages of documents, without any explanation. (Ex. 14 [July 28, 2021 Email from R. Kulathila to Reynolds].) Immediately after the production, Reynolds's counsel again reached out to JUUL's counsel (for the third day in a row) to discuss the production and Reynolds's deposition subpoena, but received an out of office response. (Exs. 15, 16 [July 28, 2021 Emails from M. Quinlan to B. Scheller].) Given the delay in production, Reynolds has not been able to review the documents and has also been unable to take deposition testimony that is crucial to its prior art defense. JUUL's repeated delay in complying with the subpoenas would, if countenanced, unfairly preclude Reynolds from having an adequate opportunity to review the documents and conduct deposition before the conclusion of discovery.

Under Fed. R. Civ. P. 45(d)(2)(B)(i), "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Given JUUL's delay in responding to the subpoenas, Reynolds respectfully requests an order compelling compliance under Rule 45.

Dated:  July 28, 2021

Respectfully submitted,

/s/ *Jennifer L. Swize*

Emily J. Tait
JONES DAY
150 West Jefferson Suite 2100
Detroit, Michigan  48226-4438
Telephone: + 1 (313) 733-3939
Facsimile: + 1 (313) 230-7997
Email: etait@jonesday.com

Alexis A. Smith
Nicole M. Smith
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: + 1 (213) 489-3939
Email: asmith@jonesday.com
Email: nmsmith@jonesday.com

Ryan B. McCrum
Michael S. Quinlan
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
Telephone: +1 (216) 586-3939
Email: rbmccrum@jonesday.com
Email: msquinlan@jonesday.com

John F. Morrow, Jr.
Ryan H. Niland
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: +1 (336) 721-3584
Facsimile: +1 (336) 733-8429
Email: John.Morrow@wbd-us.com
Email: Ryan.Niland@wbd-us.com

Jennifer L. Swize (DCB No. 490988)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
jswize@jonesday.com

Stephanie E. Parker
Frank T. Bayuk, Jr.
Jesika W. French
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia  30361
Telephone: + 1 (404) 521-3939
Facsimile: + 1 (404) 581-8330
Email: separker@jonesday.com
Email: fbayuk@jonesday.com
Email: jwfrench@jonesday.com

William E. Devitt
John A. Marlott
Marc S. Blackman
Amelia E. Murray
Michelle B. Smit
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois  60601-1692
Telephone: + 1 (312) 782-3939
Facsimile: +1 (312) 782-8585
Email: wdevitt@jonesday.com
Email: jamarlott@jonesday.com
Email: msblackman@jonesday.com
Email: emurray@jonesday.com
Email: msmit@jonesday.com

*Counsel for Defendants and Counterclaim Plaintiffs, R.J. Reynolds Vapor Company and Modoral Brands, Inc.*

## LCvR 7(m) STATEMENT

Michael Quinlan, counsel for R.J. Reynolds Vapor Company and Modoral Brands, Inc., hereby states that he has attempted to meet and confer with counsel for JUUL regarding this motion as he received an out of office email in response to his request for a meet and confer. (Exs. 15, 16 [July 28, 2021 Emails from M. Quinlan to B. Scheller].) Thus, it is unknown if JUUL opposes this Motion.

/s/ Michael S. Quinlan
Michael S. Quinlan
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
Telephone: +1 (216) 586-3939
Email: msquinlan@jonesday.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished to

the following via email and U.S. mail, first class postage prepaid on July 28, 2021.

Michael T. Renaud
Jinnie L. Reed
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel.: 617-348-6000

Brad M. Scheller
bmscheller@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO, P.C.
666 Third Avenue
New York, NY 10017
Tel.: 212-935-3000

Robert C. Van Arnam
Andrew R. Shores
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel: (919) 981-4000
Email: rvanarnam@williamsmullen.com
Email: ashores@williamsmullen.com

Adrian C. Percer
Robert S. Magee
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000

Elizabeth S. Weiswasser
Anish R. Desai
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153
Tel: (212) 310-8000
Email: elizabeth.weiswasser@weil.com
Email: anish.desai@weil.com

Brian E. Ferguson
Robert T. Vlasis III
W. Sutton Ansley
Stephen P. Bosco
Stephanie Adamakos
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
Email: brian.ferguson@weil.com
Email: robert.vlasis@weil.com
Email: sutton.ansley@weil.com
Email: stephen.bosco@weil.com
Email: stephanie.adamakos@weil.com

*/s/Jennifer L. Swize*
Jennifer L. Swize (DCB No. 490988)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
jswize@jonesday.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**ALTRIA CLIENT SERVICES LLC and
U.S. SMOKELESS TOBACCO COMPANY LLC,**

Plaintiffs and Counterclaim Defendants,

v.

Civil Action No.: 1:20-cv-472

**R.J. REYNOLDS VAPOR COMPANY and
MODORAL BRANDS, INC.,**

Defendants and Counterclaim Plaintiffs.

## DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' AMENDED NOTICE OF SUBPOENAS TO JUUL LABS, INC.

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Defendants R.J. Reynolds Vapor Company and Modoral Brands, Inc. ("Defendants/Counterclaim Plaintiffs") will serve upon JUUL Labs, Inc., amended subpoenas to Produce Documents and to Testify at a Deposition.

Defendants/Counterclaim Plaintiffs, by and through their undersigned counsel, have attached (1) a copy of a Subpoena to Produce Documents; (2) a copy of a Subpoena for Deposition; and (3) a copy of the Stipulated Protective Order, ECF No. 37.

\*     \*     \*     \*



Dated:  March 17, 2021

Emily J. Tait (MI Bar No. P74708)*
JONES DAY
150 West Jefferson Suite 2100
Detroit, Michigan  48226-4438
Telephone: + 1 (313) 733-3939
Facsimile: + 1 (313) 230-7997
Email: etait@jonesday.com

Alexis A. Smith (CA Bar No. 274429)*
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: + 1 (213) 243-2653
Email: asmith@jonesday.com

Respectfully submitted,

*/s/ Marc S. Blackman*
John F. Morrow, Jr. (NC Bar No. 23382)
Ryan H. Niland (N.C. Bar. No. 49430)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: +1 (336) 721-3584
Facsimile: +1 (336) 733-8429
Email: John.Morrow@wbd-us.com
Email: Ryan.Niland@wbd-us.com

Stephanie E. Parker (GA Bar No. 563250)*
Frank T. Bayuk, Jr. (GA Bar No. 142596)*
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309-3053
Telephone: + 1 (404) 521-3939
Facsimile: + 1 (404) 581-8330
Email: separker@jonesday.com
Email: fbayuk@jonesday.com

William E. Devitt (IL Bar No. 6229133)*
John A. Marlott (IL Bar No. 6230613)*
Marc S. Blackman (IL Bar No. 6236719)*
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois  60601-1692
Telephone: + 1 (312) 782-3939
Facsimile: +1 (312) 782-8585
Email: wdevitt@jonesday.com
Email: jamarlott@jonesday.com
Email: msblackman@jonesday.com

*Counsel for Defendants and Counterclaim
Plaintiffs, R.J. Reynolds Vapor Company
and Modoral Brands, Inc.*

*\* Special Appearance Under Local Rule
83.1(d)*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, the foregoing was served on counsel for Plaintiffs and Counterclaim Defendants using the following designated email address: Altria.RJRV@weil.com and AltriaMDNC-WM@williamsmullen.com.

*/s/ Marc S. Blackman*
Marc S. Blackman (IL Bar No. 6236719)*
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601-1692
Telephone: + 1 (312) 782-3939
Facsimile: +1 (312) 782-8585
Email: msblackman@jonesday.com

*Counsel for Defendants and Counterclaim Plaintiffs, R.J. Reynolds Vapor Company and Modoral Brands, Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

| | |
|---|---|
| Altria Client Services LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-00472 (NCT/JLW) |
| R. J. Reynolds Vapor Company and Modoral Brands, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
JUUL Labs, Inc.
c/o C T Corporation System, 1015 15th Street, NW, Suite 1000, Washington, D.C. 20005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A

| Place: JONES DAY, Attn: Amelia DeGory, Esq. 51 Louisiana Ave., N.W. Washington, D.C. 20001 | Date and Time: 03/31/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/16/2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Marc S. Blackman |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
R. J. Reynolds Vapor Company and Modoral Brands, Inc. _____ , who issues or requests this subpoena, are:

Marc S. Blackman, JONES DAY, 77 W. Wacker Dr., Chicago, IL, 60601, msblackman@jonesday.com  (312) 269-4369

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-00472 (NCT/JLW)

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* JUUL LABS, INC. on *(date)* Mar 16, 2021.

[X]   I served the subpoena by delivering a copy to the named individual as follows: Codi Jones  on *(date)* Wed, Mar 17 2021; or

[ ]   I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 41.50.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 03/18/2021

_____
Server's signature

Allison Bernardo, Process Server
_____
Printed name and title

107 S. West St. Ste. 417, Alexandria, VA 22314
_____
Server's address

Additional information regarding attempted service, etc.:
1) Successful Attempt: Mar 17, 2021, 11:56 am EDT at 1015 15TH ST NW SUITE 1000 , WASHINGTON, DC 20005-2603 received by Codi Jones . Age: 28; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 6'; Hair: Brown; Eyes: Brown; Relationship: Intake Specialist ;

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

The following definitions apply to the Requests and Topics below regardless of whether upper or lower case letters are used.

1.     "Document" or "Documents" has the broadest meaning consistent with Federal Rule of Civil Procedure 34 and applicable case law, and includes electronically stored information as specified in Federal Rule of Civil Procedure 34.

2.      "JUUL 2015 Product" shall mean each of the product(s) described in the following:

- "This Might Just Be the First Great E-Cig," WIRED, April 21, 2015 (attached as Exhibit 1)

- "Startup behind the Lambo of vaporizers just launched an intelligent e-cigarette," The Verge, April 21, 2015 (attached as Exhibit 2)

- "PAX Labs, Inc. Introduces Revolutionary Technologies with Powerful E-Cigarette JUUL; New Premium Product JUUL Delivers a Simple, Smart, Satisfying Vapor Experience that Represents an Industry Breakthrough," Business Wire, April 21, 2015 (attached as Exhibit 3)

- "Vaporization Startup Pax Labs Introduces Juul, Its Next-Gen E-Cigarette," TechCrunch, April 21, 2015 (attached as Exhibit 4)

3.     "JUUL 2018 Product" shall mean each product made, used, offered for sale, sold, or imported into the United States by or on behalf of JUUL Labs at any time from December 20, 2018 to present.

4.     "JUUL Labs," "You," and "Your" shall mean JUUL Labs, Inc., including,

without limitation, all predecessors, subsidiaries, parents, and affiliates (including VMR Products, LLC, PAX Labs, Inc., and Ploom, Inc.) and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships.

5.     "JUUL Product" shall mean any and all JUUL 2015 Product(s) and JUUL 2018 Product(s).

6.     "V2 Product" shall mean each of the following products made, used, offered for sale, sold, or imported into the United States prior to April 22, 2015:

- V2 Pro Series 3
- V2 Pro Series 7

## **INSTRUCTIONS**

1.      The singular form of a word should be interpreted in the plural as well.  The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.  The word "including" shall be without limitation.  The terms "each" and "any" shall mean any and all.

2.      These requests call for Documents or things that are known or available to You, or in Your possession, custody or control, including all information known or available to Your attorneys, agents, representatives, or any other person acting or purporting to act on Your behalf or under the direction or control of You or Your attorneys, agents, representatives, or investigators.

3.      If You withhold any Document or thing, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document or portion thereof withheld, state the following:

   a. the type of Document (e.g., letter, memorandum, contract, etc.);

   b. its title;

   c. its date;

   d. its subject matter;

   e. the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it;

   f. the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and

   g. the grounds on which the Document is being withheld (e.g., "attorney-client privilege," "work product immunity," etc.).

4.      In the event that You object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent

necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that request for purposes of Your response.

5.      In the event that You object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to You by such words for purposes of Your response thereto.

6.      If no Documents are responsive to a particular request, you are to state no responsive Documents exist.

7.      All Documents produced by You in response to this Subpoena should include a production number.

8.      You are to produce any purportedly privileged document containing non-privileged matter, with the purportedly privileged portion excised or redacted.

9.      If any of the Documents requested herein are no longer in Your possession, custody, or control, You are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

10.      If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

11.      If production of any document listed and described in this Attachment A is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list.  The privileged document list must identify each document separately, specifying for each document at least: (1) the date; (2) author(s)/sender(s);

(3) recipient(s), including copy recipients; and (4) general subject matter of the document. The sender(s) and recipients(s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or associated. If the sender or the recipient is an attorney, he or she shall be so identified. The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document. If the privilege applies to only a portion of the document, produce all portions of the document to which the claim does not apply.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents sufficient to show the shape, structure, function, design and operation of each JUUL Product and V2 Product including, but not limited to, the following components: the vaporizer, liquid cartridge or pod, vapor channel, electrical contacts, magnets, battery, and the body or power unit of the product.

**REQUEST NO. 2:**

Documents sufficient to show sales prior to April 22, 2015, of each JUUL 2015 Product and V2 Product.

**REQUEST NO. 3:**

Documents sufficient to show offers for sale prior to April 22, 2015, of each JUUL 2015 Product and V2 Product.

**REQUEST NO. 4:**

Documents sufficient to show the time when each JUUL Product and V2 Product was made, used, offered for sale, sold, and/or imported in the United States, including documents identifying the date of the first occurrence of each activity for each such product and the date of the last occurrence of each activity for any discontinued product.

**REQUEST NO. 5:**

Documents sufficient to show the first publication describing each JUUL 2015 Product and V2 Product.

**REQUEST NO. 6:**

Press releases, public product announcements, and other publications dated prior to April 22, 2015, describing each JUUL 2015 Product and V2 Product.

**REQUEST NO. 7:**

Documents sufficient to show all public uses of each JUUL 2015 Product and V2 Product prior to April 22, 2015.

**REQUEST NO. 8:**

Five samples of each JUUL Product and V2 Product.

**REQUEST NO. 9:**

All documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to author David Pierce or any other representative of Wired on or before April 21, 2015, regarding the product(s) described in the article "*This Might Just Be the First Great E-Cig*" (attached as Exhibit 1), and all communications regarding such product(s) between JUUL Labs and David Pierce or any representative of Wired on or before April 21, 2015.

**REQUEST NO. 10:**

All documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to author Nitasha Tiku or any other representative of The Verge on or before April 21, 2015, regarding the product(s) described in the article "*Startup behind the Lambo of vaporizers just launched an intelligent e-cigarette*" (attached as Exhibit 2), all communications regarding such product(s) between JUUL Labs and Nitasha Tiku or any representative of The Verge on or before April 21, 2015, and a physical sample of the product(s) used by Nitasha Tiku ("I felt a little like an alien whipping it out at a bar.").

**REQUEST NO. 11:**

All documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to author Ryan Lawler or any other representative of Tech Crunch on or before April 21, 2015, regarding the product(s) described in the article "*Vaporization Startup Pax Labs*

*Introduces Juul, Its Next-Gen E-Cigarette*" (attached as Exhibit 4), and all communications regarding such product(s) between JUUL Labs and Ryan Lawler or any representative of Tech Crunch on or before April 21, 2015.

**REQUEST NO. 12:**

Documents sufficient to show all patents marked on each JUUL 2018 Product from December 2018 to present.

**REQUEST NO. 13:**

Documents sufficient to show JUUL Labs' policies or procedures for determining whether and what patents to mark on each JUUL 2018 Product from 2018 to present.

**REQUEST NO. 14:**

Documents sufficient to identify any products made, used, offered for sale, sold, and/or imported in the United States prior to April 22, 2015 by JUUL Labs (including VMR Products, LLC, PAX Labs, Inc., Ploom, Inc and any other predecessors, subsidiaries, parents, or affiliates) that embody the subject matter disclosed in U.S. Patent Application Publication No. US 2015/0128976 A1 (attached as Exhibit 5), including documents sufficient to show the shape, structure, function, design and operation of each such product including, but not limited to, the following components: the vaporizer, liquid cartridge or pod, vapor channel, electrical contacts, magnets, battery, and the body or power unit of the product.

## DEPOSITION TOPICS:

**TOPIC NO. 1:**  The shape, structure, function, design and operation of each JUUL Product and V2 Product including, but not limited to, the following components: the vaporizer, liquid cartridge or pod, vapor channel, electrical contacts, magnets, battery, and the body or power unit of the product.

**TOPIC NO. 2:**  The time(s) when each JUUL Product and V2 Product was made, used, offered for sale, sold, and/or imported in the United States, including the date of the first occurrence of each activity for each such product and the date of the last occurrence of each activity for any discontinued product.

**TOPIC NO. 3:**  Sales of each JUUL 2015 Product and V2 Product prior to April 22, 2015.

**TOPIC NO. 4:**  Offers for sale of each JUUL 2015 Product and V2 Product prior to April 22, 2015.

**TOPIC NO. 5:**  Press releases, public product announcements, and other publications dated prior to April 22, 2015 describing each JUUL 2015 Product and V2 Product.

**TOPIC NO. 6:**  Public uses of each JUUL 2015 Product and V2 Product prior to April 22, 2015.

**TOPIC NO. 7:**  Communications between JUUL Labs and author David Pierce or any other representative of Wired on or before April 21, 2015, regarding the product(s) described in the article "*This Might Just Be the First Great E-Cig*" (attached as Exhibit 1), including information, interviews, documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to David Pierce or Wired on or before April 21, 2015, regarding such product(s).

**TOPIC NO. 8:**  Communications between JUUL Labs and author Nitasha Tiku or any other representative of The Verge on or before April 21, 2015, regarding the product(s) described in the article "*Startup behind the Lambo of vaporizers just launched an intelligent e-cigarette*"

(attached as Exhibit 2), including information, interviews, documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to Nitasha Tiku or The Verge on or before April 21, 2015, regarding such product(s).

**TOPIC NO. 9:**  Communications between JUUL Labs and author Ryan Lawler or any other representative of Tech Crunch on or before April 21, 2015, regarding the product(s) described in the article "*Vaporization Startup Pax Labs Introduces Juul, Its Next-Gen E-Cigarette*" (attached as Exhibit 4), including information, interviews, documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to Ryan Lawler or Tech Crunch on or before April 21, 2015, regarding such product(s).

**TOPIC NO. 10:**  All patents marked on each JUUL 2018 Product from December 2018 to present.

**TOPIC NO. 11:**  JUUL Labs' policies or procedures for determining whether and what patents to mark on each JUUL 2018 Product from 2018 to present.

**TOPIC NO. 12:**  The identity of any products made, used, offered for sale, sold, and/or imported in the United States prior to April 22, 2015 by JUUL Labs (including VMR Products, LLC, PAX Labs, Inc., Ploom, Inc and any other predecessors, subsidiaries, parents, or affiliates) that embody the subject matter disclosed in U.S. Patent Application Publication No. US 2015/0128976 A1 (attached as Exhibit 5), and the shape, structure, function, design and operation of each such product including, but not limited to, the following components: the vaporizer, liquid cartridge or pod, vapor channel, electrical contacts, magnets, battery, and the body or power unit of the product.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of North Carolina

| | |
|---|---|
| Altria Client Services LLC, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| R. J. Reynolds Vapor Company | ) |
| and Modoral Brands, Inc. | ) |
| _Defendant_ | ) |

Civil Action No.   1:20-cv-00472 (NCT/JLW)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              JUUL Labs, Inc.
c/o C T Corporation System, 1015 15th Street, NW, Suite 1000, Washington, D.C. 20005
_____
_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Attachment A

| Place: JONES DAY | Date and Time: |
|---|---|
| 51 Louisiana Ave., N.W. | |
| Washington, D.C. 20001 | 04/07/2021 9:00 am |

The deposition will be recorded by this method:   Stenographically and videographically

❏ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/16/2021

_CLERK OF COURT_

OR

_____        /s/ Marc S. Blackman
_Signature of Clerk or Deputy Clerk_               _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
R. J. Reynolds Vapor Company and Modoral Brands, Inc._____ , who issues or requests this subpoena, are:

Marc S. Blackman, JONES DAY, 77 W. Wacker Dr., Chicago, IL, 60601, msblackman@jonesday.com  (312) 269-4369

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-00472 (NCT/JLW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* JUUL LABS, INC. on *(date)* Mar 16, 2021.

[X] I served the subpoena by delivering a copy to the named individual as follows: Codi Jones on *(date)* Wed, Mar 17 2021; or

[ ] I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: 03/22/2021

_____
*Server's signature*

Allison Bernardo, Process Server
_____
*Printed name and title*

107 S. West St. Ste. 417, Alexandria, VA 22314
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Mar 17, 2021, 11:56 am EDT at 1015 15TH ST NW SUITE 1000 , WASHINGTON, DC 20005-2603 received by Codi Jones . Age: 28; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 6'; Hair: Brown; Eyes: Brown; Relationship: Intake Specialist ;

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALTRIA CLIENT SERVICES LLC and U.S. SMOKELESS TOBACCO COMPANY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> R.J. REYNOLDS VAPOR COMPANY and MODORAL BRANDS, INC. <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 1:20CV472 |

## JUUL LABS, INC.'S OBJECTIONS TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Non-party JUUL Labs, Inc. ("JUUL"), by and through its undersigned counsel, hereby provides its objections pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure to Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") with respect to the above-styled litigation ("the Litigation") involving Plaintiffs' claims of infringement of one or more claims in each of U.S. Patent Nos. 7,798,319, 8,458,996, 8,556,070, 10,143,242, 10,264,824, 10,299,517, 10,485,269, 10,492,541 and 10,588,357 ("the Asserted Patents") by Defendants. In so responding, JUUL does not waive, and, to the contrary, preserves:

1.      All questions as to authenticity, competency, relevancy, materiality, privilege and admissibility of any document or other tangible thing sought by the Requests for any purpose in any hearing, proceeding or trial in the Litigation or any other civil action or case;



- 1 -

2.      The right to object to the use of any of the documents or other tangible things sought by, or provided in response to, the Requests for any hearing, proceeding or trial in the Litigation or any other civil action or case;

3.      The right to object on any ground, and at any time, to any future request for production of documents and/or other tangible things or any future subpoena seeking production of documents and/or other tangible things;

4.      The right to further supplement, clarify, correct and/or amend the objections set forth below based upon the discovery of additional information and/or documents or other tangible things;

5.      The right to contest the scope, validity, and manner of service of the Subpoena; and

6.      JUUL's privileges, including, but not limited to, its "attorney-client" and "accountant-client" privileges, and attorney "work product" protections. No inadvertent production of any privileged or protected document or communication shall constitute a waiver of any such privilege and/or protection.

## **GENERAL OBJECTIONS**

The following General Objections shall be implied from the inclusion of further or more specific objections in individual responses below.

1.      JUUL objects to the Subpoena because the Definitions, the Instructions, and the Requests therein are overly broad, vague, ambiguous, cumulative and unduly burdensome. Plaintiffs' First Amended Complaint and Defendants' Answer and Counterclaims to First Amended Complaint do not allege any involvement by JUUL in the events described in the Litigation, nor has JUUL been named as a party. Defendants nevertheless demand that JUUL produce a broad spectrum of documents, including electronically-stored information (ESI), and

physical samples of commercial products from over six (6) years ago in an apparent attempt to mine for prior art that supports its invalidity position in the Litigation. JUUL is not in the business of conducting prior art searches for other companies and the burden imposed by the Subpoena – to identify, search for, collect, and produce documents and product samples as described in select third-party articles published six years ago – goes far beyond what is contemplated by Federal Rule of Civil Procedure 45. In short, the Subpoena is patently unreasonable, objectionable, and unduly burdensome.

2.      JUUL objects to the Subpoena to the extent that it is overly broad, unduly burdensome, not proportional to the needs of the Litigation, and not reasonably limited in scope or time, and compliance therewith is likely to cause significant expense and undue burden to JUUL, particularly where the information requested is already in the possession of one or more of the parties to the Litigation, not reasonably known or available to JUUL, not narrowly tailored to avoid undue burden and expense on JUUL as a non-party to the Litigation, and because the burden or expense of the proposed discovery outweighs its likely benefit.

3.      JUUL objects to the Subpoena to the extent that certain documents, including those related to ESI, are from sources not reasonably accessible because of undue burden or cost.

4.      JUUL objects to the time period set forth in the Subpoena as overly broad, unduly burdensome, and not reasonably limited in time.

5.      JUUL objects to the instructions contained in Attachment A to the Subpoena to the extent they are unduly burdensome and impose burdens beyond the scope of the Federal Rules of Civil Procedure, and to the extent they seek information never and/or no longer reasonably available to the organization.

6.      JUUL objects to each Request to the extent it purports to require JUUL to produce documents or information that in whole or in part: (i) are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity; (ii) are materials or information that JUUL, by law or agreement, is required to maintain in confidence; or (iii) are materials or information that would disclose a trade secret or other confidential research, development, or commercial information. The identification of any information (including, but not limited to the identification of any person) and/or document shall not be a waiver of any of the above, and the inadvertent disclosure of any privileged matter shall also not constitute a waiver of any of the above.

7.      JUUL objects to each Request to the extent it demands it produce confidential information, and as a general matter, JUUL will not disclose such information unless it is pursuant to an appropriate confidentiality agreement and protective order.

8.      JUUL objects to the definition of "JUUL 2015 Product" as vague, ambiguous, overly broad, cumulative, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking information not reasonably known or available to JUUL in that it is defined based on product descriptions in four third-party publications ("the Publications") neither authored or published by JUUL. While the Publications generally refer to designs contemplated and/or developed by JUUL before April 21, 2015, no Publication identifies specifically what specific design/product it is referring to nor provides any specific time period.

9.      JUUL objects to the definition of "JUUL 2018 Product" as vague, ambiguous, overly broad, cumulative, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking information not reasonably known or available to JUUL in

that it seeks information and physical samples after the apparent priority dates of each of the asserted patents in the Litigation.

10.    JUUL objects to the definition of "JUUL Product" as vague, ambiguous, overly broad, cumulative, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking information not reasonably known or available to JUUL for the reasons provided above with respect to the definitions of "JUUL 2015 Product" and "JUUL 2018 Product".

11.    JUUL objects to each Request to the extent that it seeks information or documents that are a matter of public record or are equally obtainable from some other source.

12.    JUUL objects to each Request to the extent it seeks documents and/or information from outside a reasonable time period and to the extent that the relevant time period is undefined.

13.    To the extent it agrees to produce documents and/or things, JUUL will do so on a rolling basis.

14.    JUUL objects to each Request to the extent it is materially duplicative of one or more other Requests.

## SPECIFIC OBJECTIONS

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses as appropriate, JUUL responds to each of the items requested in the Subpoena as follows:

**REQUEST NO. 1:**

Documents sufficient to show the shape, structure, function, design and operation of each JUUL Product and V2 Product including, but not limited to, the following components: the

vaporizer, liquid cartridge or pod, vapor channel, electrical contacts, magnets, battery, and the body or power unit of the product.

**RESPONSE TO REQUEST NO. 1:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is not relevant to the device and apparatus claims of the Asserted Patents. JUUL also objects to this Request as seeking information that is cumulative to the evidence that is already disclosed in the Publications. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as seeking information not reasonably known or available to JUUL, that is a matter of public record, and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive.

**REQUEST NO. 2:**

Documents sufficient to show sales prior to April 22, 2015 of each JUUL 2015 Product and V2 Product.

**RESPONSE TO REQUEST NO. 2:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome and seeking information that is not reasonably

calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking information that is not reasonably known or available to JUUL. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as seeking information that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL also objects to this Request to the extent it violates the confidentiality and privacy rights of JUUL customers and seeks information in violation of the privacy laws of, without limitation, the United States and the State of California, including Article I, section 1 of the California Constitution, and other applicable state and federal law.

**REQUEST NO. 3:**

Documents sufficient to show offers for sale prior to April 22, 2015 of each JUUL 2015 Product and V2 Product.

**RESPONSE TO REQUEST NO. 3:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking information that is not reasonably known or available to JUUL. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit

to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as seeking information that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL further objects to this Request to the extent it violates the confidentiality and privacy rights of JUUL customers and seeks information in violation of the privacy laws of, without limitation, the United States and the State of California, including Article I, section 1 of the California Constitution, and other applicable state and federal law.

**REQUEST NO. 4:**

Documents sufficient to show the time when each JUUL Product and V2 Product was made, used, offered for sale, sold, and/or imported in the United States, including documents identifying the date of the first occurrence of each activity for each such product and the date of the last occurrence of each activity for any discontinued product.

**RESPONSE TO REQUEST NO. 4:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking information that is not reasonably known or available to JUUL. JUUL further objects to this Request as duplicative of at least Request Nos. 2, 3, and 5. JUUL also objects to the phrase "the time" as vague and ambiguous. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL

produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as having no temporal limitation. JUUL further objects to this Request as seeking information that is a matter of public record and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive.

**REQUEST NO. 5:**

Documents sufficient to show the first publication describing each JUUL 2015 Product and V2 Product.

**RESPONSE TO REQUEST NO. 5:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking information that is not reasonably known or available to JUUL. JUUL further objects to the phrases "the first publication" and "describing" as vague and ambiguous. JUUL also objects to this Request as duplicative of at least Request No. 4. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as seeking information that is a matter of public record and/or that is equally

obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive.

**REQUEST NO. 6:**

Press releases, public product announcements, and other publications dated prior to April 22, 2015, describing each JUUL 2015 Product and V2 Product.

**RESPONSE TO REQUEST NO. 6:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking information that is not reasonably known or available to JUUL. JUUL further objects to this Request as duplicative of at least Request Nos. 4 and 5. JUUL also objects to the phrases "other publications" and "describing" as vague and ambiguous. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d).

**REQUEST NO. 7:**

Documents sufficient to show all public uses of each JUUL 2015 Product and V2 Product prior to April 22, 2015.

**RESPONSE TO REQUEST NO. 7:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad and unduly burdensome to the extent it seeks identification of "all" public

uses. JUUL also objects to this Request as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL further objects to this Request as seeking information that is not reasonably known or available to JUUL. JUUL also objects to this Request as duplicative of at least Request Nos. 4-6. JUUL further objects to the phrase "public uses" as vague and ambiguous. JUUL also objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL further objects to this Request as seeking information that is a matter of public record and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive.

**REQUEST NO. 8:**

Five samples of each JUUL Product and V2 Product.

**RESPONSE TO REQUEST NO. 8:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking information not reasonably known or available to JUUL, that is a matter of public record and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL further objects to the phrase "samples" as vague and ambiguous. JUUL also objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed

discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as having no temporal limitation.

**REQUEST NO. 9:**

All documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to author David Pierce or any other representative of Wired on or before April 21, 2015, regarding the product(s) described in the article "*This Might Just Be the First Great E-Cig*" (attached as Exhibit 1), and all communications regarding such product(s) between JUUL Labs and David Pierce or any representative of Wired on or before April 21, 2015.

**RESPONSE TO REQUEST NO. 9:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents …" and "all communications." JUUL also objects to this Request as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL further objects to this Request as seeking information not reasonably known or available to JUUL, that is a matter of public record, and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL also objects to the phrases "other materials" and "the product(s) described in the article" as vague and ambiguous. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained

through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as having no temporal limitation.

**REQUEST NO. 10:**

All documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to author Nitasha Tiku or any other representative of The Verge on or before April 21, 2015, regarding the product(s) described in the article "*Startup behind the Lambo of vaporizers just launched an intelligent e-cigarette*" (attached as Exhibit 2), all communications regarding such product(s) between JUUL Labs and Nitasha Tiku or any representative of The Verge on or before April 21, 2015, and a physical sample of the product(s) used by Nitasha Tiku ("I felt a little like an alien whipping it out at a bar.").

**RESPONSE TO REQUEST NO. 10:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents ..." and "all communications." JUUL also objects to this Request as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL further objects to this Request as seeking information not reasonably known or available to JUUL, that is a matter of public record and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL also objects to the phrases "other materials" and "the product(s) described in the article" as vague and ambiguous. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained

through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as having no temporal limitation.

**REQUEST NO. 11:**

All documents, drawings, photographs, physical samples, or other materials provided by JUUL Labs to author Ryan Lawler or any other representative of Tech Crunch on or before April 21, 2015, regarding the product(s) described in the article *"Vaporization Startup Pax Labs Introduces Juul, Its Next-Gen E-Cigarette"* (attached as Exhibit 4), and all communications regarding such product(s) between JUUL Labs and Ryan Lawler or any representative of Tech Crunch on or before April 21, 2015.

**RESPONSE TO REQUEST NO. 11:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents ..." and "all communications." JUUL also objects to this Request as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL further objects to this Request as seeking information not reasonably known or available to JUUL, that is a matter of public record, and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL also objects to the phrases "other materials" and "the product(s) described in the article" as vague and ambiguous. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement

to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as having no temporal limitation.

**REQUEST NO. 12:**

Documents sufficient to show all patents marked on each JUUL 2018 Product from December 2018 to present.

**RESPONSE TO REQUEST NO. 12:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking information that is a matter of public record and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). Subject to and without waiving the foregoing objections, JUUL directs Defendants to https://www.juul.com/intellectual-property-list.

**REQUEST NO. 13:**

Documents sufficient to show JUUL Labs' policies or procedures for determining whether and what patents to mark on each JUUL 2018 Product from 2018 to present.

**RESPONSE TO REQUEST NO. 13:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. JUUL also objects to this Request as seeking communications that are subject to the attorney-client privilege and documents that are immune from disclosure under the attorney work product doctrine. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d).

**REQUEST NO. 14:**

Documents sufficient to identify any products made, used, offered for sale, sold, and/or imported in the United States prior to April 22, 2015 by JUUL Labs (including VMR Products, LLC, PAX Labs Inc., Ploom Inc., and any other predecessors, subsidiaries, parents, or affiliates) that embody the subject matter disclosed in U.S. Patent Application Publication No. US 2015/0128976 A1 (attached as Exhibit 5), including documents sufficient to show the shape, structure, function, design and operation of each such product including, but not limited to, the following components: the vaporizer, liquid cartridge or pod, vapor channel, electrical contacts, magnets, battery, and the body or power unit of the product.

**RESPONSE TO REQUEST NO. 14:**

JUUL incorporates by reference its General Objections. JUUL further objects to this Request as overbroad and unduly burdensome to the extent it seeks documents identifying "any

products." JUUL also objects to this Request as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents containing information that is not relevant to the device and apparatus claims of the Asserted Patents. JUUL further objects to this Request as seeking information not reasonably known or available to JUUL, that is a matter of public record and/or that is equally obtainable from some other source that is equally or more convenient or equally or less burdensome or expensive. JUUL also objects to the phrase "embody the subject matter disclosed in" as vague and ambiguous. JUUL further objects to this Request as imposing obligations on JUUL that are not proportional to the needs of the Litigation and because the burden or expense of the proposed discovery outweighs its likely benefit to the extent that it seeks to have JUUL produce documents other than those which may be obtained through a reasonably diligent search of JUUL's own business records and without reimbursement to JUUL for all incurred expenses and costs under the protections of Fed. R. Civ. P. 45(d). JUUL also objects to this Request as calling for legal analyses and thus the disclosure of communications that are subject to the attorney-client privilege and documents that are immune from disclosure under the attorney work product doctrine. JUUL further objects to this Request as having no temporal limitation.

Dated:  April 14, 2021

Respectfully submitted,

/s/ Brad M. Scheller
Michael T. Renaud
Jinnie L. Reed
MINTZ LEVIN COHN FERRIS GLOVSKY &
  POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel.: 617-348-6000

Brad M. Scheller
bmscheller@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY &
  POPEO, P.C.
666 Third Avenue
New York, NY 10017
Tel.: 212-935-3000

Counsel for JUUL Labs, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document

has been served on April 14, 2021 to the following counsel via electronic mail:

Marc S. Blackman, Esq.
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601-1692
Office +1.312.269.4369
Mobile +1.312.342.9514
msblackman@jonesday.com

/s/ *Brad M. Scheller*
Brad M. Scheller

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALTRIA CLIENT SERVICES LLC AND U.S. SMOKELESS TOBACCO COMPANY LLC,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>R.J. REYNOLDS VAPOR COMPANY AND MODORAL BRANDS, INC.,<br><br>Defendants and Counterclaim Plaintiffs. | Case No.: _____<br><br>(Civil Action No. 1:20-cv-00472-NCT-JLW in the U.S. District Court for the Middle District of North Carolina) |

**DECLARATION OF MICHAEL S. QUINLAN IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF INFORMATION BY JUUL LABS, INC.**

I, Michael S. Quinlan, declare:

     1.    I am over eighteen years of age and am competent to testify to the matters stated in this declaration. The statements made herein are based on my personal knowledge unless stated to be upon information and belief.

     2.    I am an attorney licensed in the states of Ohio and Florida and am a Partner with the law firm Jones Day.  I have entered a special appearance in this case, and I am one of the attorneys representing Defendants R.J. Reynolds Vapor Company and Modoral Brands, Inc. (collectively, "Reynolds") in the above-captioned matter.  I make this Declaration in support of Reynolds's Motion to Compel a Response to Request for Production 167.

     3.    On March 17, 2021, Reynolds served a third-party subpoena on JUUL Labs Inc. ("JUUL"), requesting that JUUL produce documents and permit inspection of certain samples of past and current versions of JUUL's e-cigarette products.

RECEIVED
Mail Room

JUL 2 9 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

4.      On April 14, 2021, JUUL filed objections to each and every one of Reynolds's subpoena requests.

5.      On April 20, 2021, JUUL's counsel left a voicemail for my colleague, Marc Blackman, stating JUUL had recently filed its objections to Reynolds' subpoena and JUUL's counsel wanted to discuss "those objections, and potential next steps" regarding the subpoena.

6.      In a subsequent telephone conversation on April 23, 2021, JUUL's counsel indicated to me that—despite its objections—JUUL would be producing documents responsive to the subpoena.

7.      On May 17, 2021, I emailed JUUL's counsel to ask when JUUL would be producing documents.

8.      On May 18, 2021, JUUL's counsel indicated it would be producing documents in response to the subpoena "this week, likely tomorrow." However, JUUL did not produce any documents.

9.      Another week passed, and on May 25, 2021, I again reached out to JUUL's counsel to ask when JUUL would be producing documents.

10.     JUUL's counsel responded one week later, and indicated for the first time that JUUL would be conditioning its document production on additional protections being added to the Protective Order.

11.     Reynolds agreed to JUUL's request for addition protections, and emailed counsel for Altria to ask for their consent to the additional protections.

12.     On July 6, 2021—two weeks after Reynolds counsel requested Altria's consent to the additional protections—Altria agreed. On that same day, shortly after Altria responded, counsel for JUUL requested even more additional protections as a condition of producing

documents, including a prosecution bar—even though Reynolds had agreed to only seek information on legacy products that were no longer sold.

13.     After a series of emails and meet and confers over the following month, JUUL's counsel withdrew its request for the prosecution bar, and JUUL, Altria, and Reynolds each signed the addendum to the Protective Order regarding the additional protections JUUL sought.

14.     JUUL did not respond to subsequent emails sent July 26 and July 27 asking when the documents would be produced.

15.     On July 28, 2021, (the last day of discovery), JUUL produced approximately 750 pages of documents, without any explanation.

16.     Immediately after the production, I reached out to JUUL's counsel to discuss the production and Reynolds's deposition subpoena, but received an out of office response.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 28th day of July, 2021.

Cleveland, Ohio

/s/ *Michael S. Quinlan*
Michael S. Quinlan

# EXHIBIT 4

| | |
|---|---|
| **From:** | Scheller, Brad <BMScheller@mintz.com> |
| **Sent:** | Tuesday, May 18, 2021 11:49 AM |
| **To:** | Quinlan, Michael S. |
| **Subject:** | RE: Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc. |

** External mail **

Mike,
This week, likely tomorrow.
Brad

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Monday, May 17, 2021 11:19 AM
**To:** Scheller, Brad <BMScheller@mintz.com>
**Subject:** Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

Brad,

Just checking in to see if you had an ETA on when you would be producing documents.

- Mike

Michael S. Quinlan
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments



RECEIVED
Mail Room

JUL 2 9 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# EXHIBIT 5

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Tuesday, May 18, 2021 11:49 AM
**To:** Quinlan, Michael S.
**Subject:** RE: Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

** External mail **

Mike,
This week, likely tomorrow.
Brad

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Monday, May 17, 2021 11:19 AM
**To:** Scheller, Brad <BMScheller@mintz.com>
**Subject:** Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

Brad,

Just checking in to see if you had an ETA on when you would be producing documents.

- Mike

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.



RECEIVED
Mail Room
JUL 2 9 2021
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# EXHIBIT 6

| | |
|---|---|
| **From:** | Quinlan, Michael S. |
| **Sent:** | Tuesday, May 25, 2021 6:40 AM |
| **To:** | Scheller, Brad |
| **Subject:** | RE: Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc. |

Brad,

If you sent the documents, I didn't receive them.

- Mike

---

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Tuesday, May 18, 2021 2:49 PM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Subject:** RE: Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

** External mail **

Mike,
This week, likely tomorrow.
Brad

---

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Monday, May 17, 2021 11:19 AM
**To:** Scheller, Brad <BMScheller@mintz.com>
**Subject:** Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

Brad,

Just checking in to see if you had an ETA on when you would be producing documents.

- Mike

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368



***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.

# EXHIBIT 7

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Tuesday, June 1, 2021 10:09 AM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Subject:** RE: Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

** External mail **

Mike,

In finalizing documents for production, our review of the entered PO (Dkt. 37) in the case, as appended to the subpoena, raised some concerns, namely regarding the absence of (i) restrictions on use, (ii) guidance on secure storage and loss/misuse and (iii) a prosecution bar. Please see the attached proposed provisions that address these concerns. While we have currently styled this as an addendum to the entered PO, we are open to a different approach as long as there is agreement among the parties and JUUL that any productions from JUUL be subject to these provisions.

I don't anticipate any major disputes here, but let me know your thoughts so we can move forward.

Brad

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Tuesday, May 25, 2021 9:40 AM
**To:** Scheller, Brad <BMScheller@mintz.com>
**Subject:** RE: Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

Brad,

If you sent the documents, I didn't receive them.

- Mike

**RECEIVED**
**Mail Room**

**JUL 29 2021**

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Tuesday, May 18, 2021 2:49 PM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Subject:** RE: Altria Client Services LLC v. R.J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

** External mail **

Mike,
This week, likely tomorrow.
Brad

---

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Monday, May 17, 2021 11:19 AM
**To:** Scheller, Brad <BMScheller@mintz.com>
**Subject:** Altria Client Services LLC v. R..J. Reynolds Vapor Co., 20-cv-00472 (M.D.N.C. 2020) -- subpoena to JUUL Labs, Inc.

Brad,

Just checking in to see if you had an ETA on when you would be producing documents.

- Mike

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

**EXHIBIT 8**

| | |
|---|---|
| **From:** | Quinlan, Michael S. |
| **Sent:** | Wednesday, June 23, 2021 6:50 AM |
| **To:** | Altria RJRV; AltriaMDNC-WM@williamsmullen.com |
| **Cc:** | RJRV_Altria_MDNC; Scheller, Brad |
| **Subject:** | Altria Client Services LLC et al v. RJ. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena |
| **Attachments:** | Additional PO Provisions.docx |

Counsel,

As you know, Reynolds served a third-party subpoena on JUUL Labs, Inc. ("JLI") on March 31, 2021. JLI is ready to produce documents and samples in response to the subpoena, but has requested two additional protections reflected in the attached agreement. Reynolds has agreed to the additional protections. Please let us know whether you will agree to the additional protections by COB tomorrow (6/24).

I've copied JLI's counsel as well.

- Mike

Michael S. Quinlan
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368



RECEIVED
Mail Room

JUL 2 9 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# EXHIBIT 9

| | |
|---|---|
| **From:** | Ansley (External), Sutton |
| **Sent:** | Tuesday, July 6, 2021 7:46 AM |
| **To:** | Quinlan, Michael S.; Altria RJRV; AltriaMDNC-WM@williamsmullen.com |
| **Cc:** | RJRV_Altria_MDNC; Scheller, Brad |
| **Subject:** | RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena |

** External mail **

Mike,

We do not have any objections to the additional protections reflected in the agreement you forwarded.

Thanks,
Sutton



**W. Sutton Ansley**
Counsel

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
sutton.ansley@weil.com
+1 202 682 7018 Direct
+1 202 857 0940 Fax



---

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Wednesday, June 23, 2021 6:50 AM
**To:** Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Counsel,

As you know, Reynolds served a third-party subpoena on JUUL Labs, Inc. ("JLI") on March 31, 2021.  JLI is ready to produce documents and samples in response to the subpoena, but has requested two additional protections reflected in the attached agreement.  Reynolds has agreed to the additional protections.  Please let us know whether you will agree to the additional protections by COB tomorrow (6/24).

I've copied JLI's counsel as well.

- Mike

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 10

| From: | Scheller, Brad <BMScheller@mintz.com> |
|---|---|
| Sent: | Tuesday, July 6, 2021 7:40 AM |
| To: | Quinlan, Michael S. |
| Cc: | Sweeney, Robert |
| Subject: | JUUL Subpoena |
| Attachments: | Additional PO Provisions (7-6-2021).DOCX |

** External mail **

Mike,

After further consideration, and in view of certain documents that we intend to produce, JUUL wishes to add in additional protections to the Protective Order addendum that you circulated, including a standard prosecution bar provisional. We understand that this will likely remove the conditions on RFPs 1, 4 and 8 that we agreed to previously.

Please see the attached.

Regards.

**Brad Scheller**
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue, New York, NY 10017
+1.212.692.6761
BMScheller@mintz.com | Mintz.com





STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

# EXHIBIT 11

| From: | Scheller, Brad <BMScheller@mintz.com> |
|---|---|
| Sent: | Friday, July 23, 2021 8:08 AM |
| To: | Smith, Nicole M.; Quinlan, Michael S. |
| Cc: | Sweeney, Robert; French, Jesika W. |
| Subject: | RE: JUUL Subpoena |

** External mail **

Nicole,

We disagree. This was a last minute change, is not consistent with the parties' agreement and the language in paragraph 18 is not at all identical to the language in paragraph 20, let alone "almost". We also fail to understand RJR's resistance to these provisions, which again is telling to us in many ways.

In any event, JUUL does not wish to belabor these issues further under the circumstances and will again be the compromising party by agreeing to remove the disputed language in paragraph 18 ("absent written consent from JUUL, any individual who accesses Protected Material designated as JUUL Confidential Business Information shall not be involved in any future proceeding concerning any JUUL patents, including, without limitation, before the U.S. Patent and Trademark Office or any other domestic or foreign agency, any court or other tribunal in the United States and any court or other tribunal in any foreign country"). As with our agreement to remove paragraph 20, to the extent the scope of any request in the subpoena changes in the future by way of court order or otherwise, we reserve the right to revisit the issue of including this language as part of the Protective Order.

To consummate this agreement, we ask that you acknowledge JUUL's reservation of rights to revisit these issues.

**Brad Scheller**
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue, New York, NY 10017
+1.212.692.6761
BMScheller@mintz.com | Mintz.com





---

From: Smith, Nicole M. <nmsmith@jonesday.com>
Sent: Wednesday, July 21, 2021 9:09 AM
To: Scheller, Brad <BMScheller@mintz.com>; Quinlan, Michael S. <msquinlan@jonesday.com>
Cc: Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
Subject: RE: JUUL Subpoena

Brad,

This is not a last-minute change.  This is consistent with the parties' agreement and should not require much time.  We sent the P.O. last Friday.  Please give us a date and time certain by which you will respond.  We cannot wait indefinitely.

Nicole Smith (bio)
Partner

1

JONES DAY® - One Firm Worldwide℠
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Office 213-243-2235
Cell 310-497-5046

---

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Wednesday, July 21, 2021 6:01 AM
**To:** Smith, Nicole M. <nmsmith@jonesday.com>; Quinlan, Michael S. <msquinlan@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
**Subject:** RE: JUUL Subpoena


** External mail **

Nicole,
We require time for a further discussion with our client due to this last minute change in RJR's position on the language.
Regards.
Brad

---

**From:** Smith, Nicole M. <nmsmith@jonesday.com>
**Sent:** Tuesday, July 20, 2021 5:12 PM
**To:** Scheller, Brad <BMScheller@mintz.com>; Quinlan, Michael S. <msquinlan@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
**Subject:** RE: JUUL Subpoena

Brad,

The language that was removed from paragraph 18 (shown below) was almost identical to what was in paragraph 20. Moreover, while it is limited to JUUL patents, it is broader than paragraph 20 because it prohibits participation in IPRs and post-grant proceedings, as well as foreign proceedings. JUUL agreed to drop its request for a prosecution bar because Reynolds limited its document requests to the JUUL 2015 product category. The language in paragraph 18, which amounts to a de facto bar, is unnecessary and unreasonable for the same reason that the bar language in paragraph 20 is. Please confirm today by COB whether you will sign the protective order without paragraph 20 and without the similar language in paragraph 18. If you insist on keeping the language below, we will move to compel.

18. → **Use· of· JUUL· Confidential· Business· Information:** · · All· Protected·

designated· as· JUUL· Confidential· Business· Information· shall· be· used· solely· for· the·

Action~~, and, absent written consent from JUUL, any individual who accesses Protected~~

~~designated· as· JUUL· Confidential· Business· Information· shall· not· be· involved· in· an~~

~~proceeding concerning any JUUL patents, including, without limitation, before the U.S. Pa~~

~~Trademark Office or any other domestic or foreign agency, any court or other tribunal in th~~

~~States and any court or other tribunal in any foreign country.~~ · Such· Protected· Material· sha

distributed, · disclosed· or· made· available· to· anyone· except· as· expressly· provided· in· the· Pr

Nicole Smith (bio)
Partner
JONES DAY® - One Firm Worldwide℠
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Office 213-243-2235
Cell 310-497-5046

---

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Tuesday, July 20, 2021 1:14 PM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>; Smith, Nicole M. <nmsmith@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
**Subject:** RE: JUUL Subpoena

** External mail **

Mike,
The version that you forwarded is missing certain language from Paragraph 18, the removal of which was not discussed, let alone agreed to, by JUUL during the parties' meet-and-confer last week. As clearly stated below, JUUL is amenable to removing Paragraph 20 regarding the patent prosecution bar. Please re-circulate a draft consistent with the parties' agreement and we'll sign off.
Regards,
Brad

---

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Tuesday, July 20, 2021 9:57 AM
**To:** Scheller, Brad <BMScheller@mintz.com>; Smith, Nicole M. <nmsmith@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
**Subject:** RE: JUUL Subpoena

Brad,

Just following up.  Please let me know, so we can get this finalized.

Thanks,

- Mike

---

**From:** Quinlan, Michael S.
**Sent:** Friday, July 16, 2021 2:58 PM
**To:** 'Scheller, Brad' <BMScheller@mintz.com>; Smith, Nicole M. <nmsmith@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
**Subject:** RE: JUUL Subpoena

Brad,

We agree to stand by our previous proposal that RFPs 1, 4, and 8 be limited to only the JUUL 2015 Product(s) and V2 Products.

I've attached an updated version of the additional PO based on our discussions, and it includes signature lines.

Once you sign off, I'll accept the changes and send a signed version to you, and will follow-up with Altria for their signature as well.

- Mike

---

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Tuesday, July 13, 2021 6:11 PM
**To:** Smith, Nicole M. <nmsmith@jonesday.com>; Quinlan, Michael S. <msquinlan@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
**Subject:** RE: JUUL Subpoena

** External mail **

Counsel,

Thank you for the meet and confer earlier today.

JUUL is amenable to removing Paragraph 20 from the latest version of the additional proposed Protective Order provisions on the condition that RFPs 1, 4, and 8 are limited to only the JUUL 2015 Product(s) and V2 Products as previously proposed by RJR.

Furthermore, to the extent the scope of any request in the subpoena changes in the future by way of court order or otherwise, we reserve the right to revisit the issue of imposing a patent prosecution bar.

Please confirm RJR's agreement to the above and advise as to next steps.

Regards.

**Brad Scheller**
*Member*

4

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue, New York, NY 10017
+1.212.692.6761
BMScheller@mintz.com | Mintz.com

 MINTZ

**From:** Smith, Nicole M. <nmsmith@jonesday.com>
**Sent:** Monday, July 12, 2021 4:09 PM
**To:** Scheller, Brad <BMScheller@mintz.com>; Quinlan, Michael S. <msquinlan@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; French, Jesika W. <jwfrench@jonesday.com>
**Subject:** RE: JUUL Subpoena

Brad,

I will send an invite for 12 ET tomorrow.

I have also attached a decision out of the MDNC denying a request by Reynolds for a prosecution **bar** in a case between Fontem and Reynolds. Citing Federal Circuit law, Judge Eagles held: "To decide whether to impose a patent prosecution bar, the court balances the risk of inadvertent disclosure against the potential harm of restricting a party's choice of counsel." *Fontem Ventures B.V. v. R.J. Reynolds Vapor* Company, 2017 WL 2266868 at *3 (MDNC May 23, 2017) (emphasis added) (citation omitted). "To merit a patent prosecution bar, the information that triggers the bar must be relevant to the preparation and prosecution of patent applications before the PTO." *Id.*

Reynolds sought the bar to protect "technical information concerning **current** or **future** aerosol or vapor electronic cigarette technology." *Id.* at *2 (emphasis added). Relying on Federal Circuit law, Judge Eagles denied the request on the grounds that:

> Reynolds has not provided evidence about how Fontem's pending patent applications relate to the confidential information that would trigger the proposed prosecution bar. It has not provided any evidence about what technical information is at risk for misappropriation in the pending patent applications. It has not identified what elements of its commercially available products are still confidential and not subject to reverse engineering.

*Id.* at *4. The Court denied the request even though: (1) it was "undisputed that each party possesses confidential business information relevant to the issues in dispute and that the public disclosure of this information could cause competitive harm" and (2) "it [wa]s further clear that [Fontem's counsel of record] [we]re currently and significantly involved in Fontem's efforts to expand" the portfolio of patents at issue in the litigation. The Court further stated that it "appreciates that 'information related to new inventions and technology under development … may pose a heightened risk of inadvertent disclosure by counsel involved in prosecution-related competitive decisionmaking.' However, that generic risk alone is not enough to justify a patent prosecution bar, absent evidence to support the conclusion that the risk of inadvertent disclosure is particularly high in a particular case." *Id.* at *4 (internal citations omitted).

Here, the risk of inadvertent disclosure is far lower than it was in the Fontem case, where documents concerning current and future technology were at issue. Reynolds has agreed to limit RFPs 1, 4 and 8 to JUUL 2015 products, which are no longer sold, and which constitute prior art. By its very status as prior art,

Reynolds could not obtain a patent covering that technology. The products can also be reverse engineered. Moreover, JUUL's own parent, Altria, is proceeding without a prosecution bar as a defendant in two other pending patent cases against Reynolds that involve e-cigarettes. And Reynolds itself has proceeded in the instant case without a prosecution bar.

We ask you to please reconsider your request for a prosecution bar. If we cannot come to a resolution by COB tomorrow, we will move to compel.

Nicole Smith (bio)
Partner
JONES DAY® - One Firm Worldwide℠
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Office 213-243-2235
Cell 310-497-5046

---

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Friday, July 9, 2021 3:39 PM
**To:** Smith, Nicole M. <nmsmith@jonesday.com>; Quinlan, Michael S. <msquinlan@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>
**Subject:** RE: JUUL Subpoena

** External mail **

Counsel,

I cannot discuss these issues today. I'm traveling out of the office and also need to discuss your response with my client. Moreover, demanding a meet-and-confer on the same day as your request is hardly reasonable. Also, threatening to burden the court with a motion is not productive and not appreciated in view of the fact that we have agreed to produce documents and RJR's own delay in timely responding to JUUL's correspondence throughout this entire process.

Regarding the Protective Order, as you can certainly appreciate, JUUL is highly sensitive to producing *any* confidential documents to one of its direct major competitors in the market. Surely, the court will appreciate this too. Nonetheless, JUUL and its counsel have spent significant time working on responding to RJR's third-party subpoena to one of its direct major competitors to make a good faith and reasonable effort in accordance Fed R. Civ. P. 45. It is JUUL who does not understand RJR's adversity to a standard patent prosecution bar and RJR's insistence on keeping one out of the additional provisions. The fact that RJR is adverse to excluding such a bar only confirms JUUL's concerns about disclosing its information to RJR at the risk of that information being misused, whether intentionally or unintentionally, at some point in the future.

As of now, we stand by our proposal. Should RJR remain staunch in its own position, we are available to meet and confer next Tuesday.

-Brad

---

**From:** Smith, Nicole M. <nmsmith@jonesday.com>
**Sent:** Friday, July 9, 2021 2:28 PM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>
**Subject:** RE: JUUL Subpoena

Brad,

Can we talk today so we can understand your position on the prosecution bar?  We'd really appreciate a response today.

Nicole Smith (bio)
Partner
JONES DAY® - One Firm Worldwide℠
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Office 213-243-2235
Cell 310-497-5046

---

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Friday, July 9, 2021 7:31 AM
**To:** Scheller, Brad <BMScheller@mintz.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>; Smith, Nicole M. <nmsmith@jonesday.com>
**Subject:** RE: JUUL Subpoena

Dear Brad,

We don't understand your request for a prosecution bar.  We previously agreed to drop the JUUL 2018 products from RFPs 1, 4, and 8, leaving only the JUUL 2015 products.  We stand by that agreement.  There is no need for a prosecution bar on products JUUL no longer sells, and which are, by definition, prior art.  If you contend otherwise, please identify the "certain documents" you reference that you intend to produce that now ostensibly warrant a prosecution bar, and please identify a time today you can meet and confer so that we can get this resolved.

Even if you continue to maintain that a prosecution bar is necessary for some category of documents, that should not hold up production on the remaining documents.  You stated weeks ago that you would be producing documents, but have then proceeded to throw up road blocks.  As soon as we resolve one set of concerns, you raise another.  If we do not have a commitment tomorrow on a date certain for production of documents, we will move to compel.

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368

---

**From:** Scheller, Brad <BMScheller@mintz.com>
**Date:** Tuesday, Jul 06, 2021, 10:43 AM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Cc:** Sweeney, Robert <RCSweeney@mintz.com>
**Subject:** JUUL Subpoena

** External mail **

Mike,
After further consideration, and in view of certain documents that we intend to produce, JUUL wishes to add in additional protections to the Protective Order addendum that you circulated, including a standard prosecution bar provisional. We understand that this will likely remove the conditions on RFPs 1, 4 and 8 that we agreed to previously.

Please see the attached.

Regards.
**Brad Scheller**
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue, New York, NY 10017
<u>+1.212.692.6761</u>
<u>BMScheller@mintz.com</u> | <u>Mintz.com</u>



---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments

***This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.***

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.***

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments

# EXHIBIT 12

| | |
|---|---|
| **From:** | Quinlan, Michael S. |
| **Sent:** | Monday, July 26, 2021 8:43 AM |
| **To:** | Scheller, Brad |
| **Subject:** | FW: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20–cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena |
| **Attachments:** | 4407_001.pdf |

Thanks Brad.  Do you have an ETA on when you'll be producing documents?

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Friday, July 23, 2021 7:00 PM
**To:** Ansley (External), Sutton <sutton.ansley@weil.com>; Quinlan, Michael S. <msquinlan@jonesday.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena


** External mail **

Mike,
JUUL-signed copy attached.
Brad

**From:** Ansley, Sutton <sutton.ansley@weil.com>
**Sent:** Friday, July 23, 2021 5:13 PM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Mike,

Please see attached.

Thanks,
Sutton



**W. Sutton Ansley**
Counsel

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
sutton.ansley@weil.com



RECEIVED
Mail Room

JUL 2 9 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

+1 202 682 7018 Direct
+1 202 857 0940 Fax

---

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Friday, July 23, 2021 2:13 PM
**To:** Ansley, Sutton <sutton.ansley@weil.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Sutton,

Attached is a signed copy of additional protections requested by JUUL.  JUUL has requested your signature before it will produce documents.  Please sign today.

Thanks,

- Mike

---

**From:** Ansley, Sutton <sutton.ansley@weil.com>
**Sent:** Tuesday, July 6, 2021 10:46 AM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

** External mail **

Mike,

We do not have any objections to the additional protections reflected in the agreement you forwarded.

Thanks,
Sutton



**W. Sutton Ansley**
Counsel

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
sutton.ansley@weil.com
+1 202 682 7018 Direct
+1 202 857 0940 Fax

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Wednesday, June 23, 2021 6:50 AM
**To:** Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Counsel,

As you know, Reynolds served a third-party subpoena on JUUL Labs, Inc. ("JLI") on March 31, 2021.  JLI is ready to produce documents and samples in response to the subpoena, but has requested two additional protections reflected in the attached agreement.  Reynolds has agreed to the additional protections.  Please let us know whether you will agree to the additional protections by COB tomorrow (6/24).

I've copied JLI's counsel as well.

- Mike

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)

and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

# EXHIBIT 13

| From: | Quinlan, Michael S. |
|---|---|
| Sent: | Tuesday, July 27, 2021 8:22 AM |
| To: | Scheller, Brad |
| Subject: | RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena |

Just following up on the date for production.  Also, if you could let us know the form of production – will you be sending an FTP link?  How do you want to handle our request for physical samples?

Thanks,

Mike

**From:** Quinlan, Michael S.
**Sent:** Monday, July 26, 2021 11:43 AM
**To:** Scheller, Brad <BMScheller@mintz.com>
**Subject:** FW: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Thanks Brad.  Do you have an ETA on when you'll be producing documents?

**From:** Scheller, Brad <BMScheller@mintz.com>
**Sent:** Friday, July 23, 2021 7:00 PM
**To:** Ansley (External), Sutton <sutton.ansley@weil.com>; Quinlan, Michael S. <msquinlan@jonesday.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

** External mail **

Mike,
JUUL-signed copy attached.
Brad

**From:** Ansley, Sutton <sutton.ansley@weil.com>
**Sent:** Friday, July 23, 2021 5:13 PM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Mike,

Please see attached.

Thanks,

RECEIVED
Mail Room
JUL 2 9 2021
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

Sutton



**W. Sutton Ansley**
Counsel

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
sutton.ansley@weil.com
+1 202 682 7018 Direct
+1 202 857 0940 Fax

---

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Friday, July 23, 2021 2:13 PM
**To:** Ansley, Sutton <sutton.ansley@weil.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Sutton,

Attached is a signed copy of additional protections requested by JUUL.  JUUL has requested your signature before it will produce documents.  Please sign today.

Thanks,

- Mike

---

**From:** Ansley, Sutton <sutton.ansley@weil.com>
**Sent:** Tuesday, July 6, 2021 10:46 AM
**To:** Quinlan, Michael S. <msquinlan@jonesday.com>; Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** RE: Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

** External mail **

Mike,

We do not have any objections to the additional protections reflected in the agreement you forwarded.

Thanks,
Sutton



W. Sutton Ansley
Counsel

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
sutton.ansley@weil.com
+1 202 682 7018 Direct
+1 202 857 0940 Fax

**From:** Quinlan, Michael S. <msquinlan@jonesday.com>
**Sent:** Wednesday, June 23, 2021 6:50 AM
**To:** Altria RJRV <Altria.RJRV@weil.com>; AltriaMDNC-WM@williamsmullen.com
**Cc:** RJRV_Altria_MDNC <RJRV_Altria_MDNC@jonesday.com>; Scheller, Brad <BMScheller@mintz.com>
**Subject:** Altria Client Services LLC et al v. R.J. Reynolds Vapor Company, Case No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) -- JUUL Subpoena

Counsel,

As you know, Reynolds served a third-party subpoena on JUUL Labs, Inc. ("JLI") on March 31, 2021.  JLI is ready to produce documents and samples in response to the subpoena, but has requested two additional protections reflected in the attached agreement.  Reynolds has agreed to the additional protections.  Please let us know whether you will agree to the additional protections by COB tomorrow (6/24).

I've copied JLI's counsel as well.

- Mike

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.

# EXHIBIT 14

| | |
|---|---|
| **From:** | Kulathila, Rithika <RKulathila@mintz.com> |
| **Sent:** | Wednesday, July 28, 2021 11:16 AM |
| **To:** | Quinlan, Michael S.; Smith, Nicole M.; French, Jesika W. |
| **Cc:** | Scheller, Brad; Sweeney, Robert |
| **Subject:** | Altria v. RJ Reynolds Vapor Company, 20-cv-00472: JUUL Production |

** External mail **

Counsel,

Please find at the following FTP link, JUUL's production JLIMDNC_0000001 – JLIMDNC_0000757.  A password will follow via separate email.  This production includes documents marked "**CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER**" which must be treated as such in accordance with the Protective Order.

FTP Information

| | |
|---|---|
| **FTP Link:** | **https://mintzftp2.mintz.com** |
| **User Name:** | RJR MDNC Subpoena |
| **FTP User PW:** | |
| **Zip PW** | |

Sincerely,
Rithika

**Rithika Kulathila** *(she/her/hers)*
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.210.6874
RKulathila@mintz.com | Mintz.com



STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying of this message is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.



# EXHIBIT 15

| | |
|---|---|
| **From:** | Quinlan, Michael S. |
| **Sent:** | Wednesday, July 28, 2021 1:35 PM |
| **To:** | Scheller, Brad |
| **Cc:** | Smith, Nicole M.; French, Jesika W. |
| **Subject:** | Altria v. RJRV -- subpoena |

Brad,

We've received your production today.  There are a few outstanding issues we'd like to discuss: (1) our request for samples of the products; (2) a potential deposition; and (3) any outstanding issues once we've had a chance to review today's production.  Since today is the close of fact discovery, we're anticipating filing a motion to compel on the these issues, since we're in the unfortunate position of receiving your production on the last day of discovery.

Please let me know what time you're available today to discuss.

- Mike

Michael S. Quinlan
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.1368



RECEIVED
Mail Room
JUL 29 2021
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# EXHIBIT 16

| | |
|---|---|
| **From:** | Scheller, Brad <BMScheller@mintz.com> |
| **Sent:** | Wednesday, July 28, 2021 1:35 PM |
| **To:** | Quinlan, Michael S. |
| **Subject:** | Automatic reply: Altria v. RJRV -- subpoena |

** External mail **

Thank you for your email.  I am out of the office today, July 28, 2021. I anticipate being back in the office tomorrow and will respond at that time as soon as I am able.

_____

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.



RECEIVED
Mail Room

JUL 2 9 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia